```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
     v.                      )    Crim. No. 05-10090-PBS
                             )
FRANCISCO GARCIA             )
```

**DEFENDANT'S SENTENCING MEMORANDUM
AND MEMORANDUM IN SUPPORT OF MOTION FOR
REDUCED SENTENCE PURSUANT TO 18 U.S.C. §3553(a)**

Now Comes defendant, Francisco Garcia, who respectfully files this memorandum in support of his position on sentencing:

**I    Francisco Garcia's Background**

Mr. Garcia was born on June 18, 1964 in the Dominican Republic and lived with his step-father, mother and "half-siblings."  Pre-Sentence report attached by reference as Exhibit A, para 51, 55.  He grew up poor but in a relatively intact household.  Exhibit A, 54-55.

He left for Puerto Rico and then the New York City to take advantage of better employment opportunities 1993.  Exhibit A, para 61.  He consistently supported himself by working in restaurants and as a taxi driver up through his arrest.  Exhibit A, para 74-82.  He never collected welfare or any other government assistance.  Exhibit A, para 82.

Mr. Garcia has three children.  Exhibit A, para 63-68.  He has provided financial support for these children prior to his arrest.  Exhibit A, para 64.

**II   The Offense**

Mr. Garcia has admitted to his role in the offense and the government is expected to recommended a safety valve departure. There can be no question that Mr. Garcia's role was mitigating in that he was a courier. Exhibit A, para 19. Every step of the offense was directed by someone else. He was provided with funds to get an airline ticket, they paid his expense money, he was driven to a safe house to swallow the drugs, they instructed him on how to swallow the drugs and minimized the risks that he was facing. <u>Ibid</u>.[1] While he knew he was couriering heroin, he had never done this before and was motivated by a lapse of judgment: thinking that somehow the money, which was substantial to him, would help his family and children. Exhibit A, para 23. The reality was, however, that his life and freedom were exposed to serious risk while the "organization", the scope and extent of which he knew nothing about, was relatively safe. The third party directed Mr. Garcia at all stages and financed all aspects of the trip. Exhibit A, para 19.

**III  Objections To PSR And Grounds For Downward Departures**

Defendant has objected to or responded to two major areas of the PSR. First, Probation only recommended a two level downward adjustment for role in the offense pursuant to Section 3B1.2(a). Defendant seeks a minimal role adjustment. Second, although

---

[1] Mr. Garcia gave more details during his safety valve proffer than contained in the PSR. For example, he detailed how people met him in the Dominican rebublic and drove him to a safe house where he was shown how to swallow the pellets and was required to practice by swallowing carrots.

Probation does not identify any grounds for a reduced sentence, this Court's discretion to impose a sentence less than what the guideline range advises is clear.  See Title 18 U.S.C. Section 3553(a).  Both issues are addressed below.

Based upon the following analysis, defendant submits that his advisory guideline range is as follows:

>     BOL              28
>     Acceptance       -3
>     Safety Valve     -2
>     <u>Minimal role</u>     <u>-4</u>
>
>     *Total Advisory Guideline Level is 19 = 30 to 37 months*

### A.   Minimal Role (PSR Para 34)

This Court has the discretion to find that Mr. Garcia's role in the offense was minimal.  The Guideline Manual's application notes specifically state that a four level reduction may be appropriate for minimal role when the defendant has a "lack of knowledge as to the scope and structure of the enterprise and the activities of others...."  See Section 3B1.2(a), Application Note # 4.

Other courts that have applied the minimal role adjustment have referenced Application Note 4, have noted that this adjustment was appropriate when the some combination of the following criteria apply: (1) a lack of knowledge about the scope of the organization, (2) a clear role as a first time courier, and (3) a lack of discretion in his role in the smuggling

operation.  See <u>United States v. Phillips</u>, 368 F.Supp. 2d 1259 (D.N.M 2005); <u>United States v. Delgado</u>, 994 F.Supp. 143,144 (E.D.N.Y. 1998) (minimal role for courier); <u>United States v. Sanderson</u>, 110 F.Supp. 2d 1221 (NDC 2001)(reduced courier's bol by 4 levels because of minimal role) and <u>United States v. Pacheto-Soto</u>, 386 F.Supp. 2d 1198 (D.N.M. 2005)(found minimal role for courier).  As all these factors apply to Mr. Garcia, this Court has the discretion to apply the minimal role adjustment and to reduce his BOL by 4 levels pursuant to 3B1.2(a) instead of the 2 levels recommended by Probation.

Defendant, therefore, submits that this Court should grant him a minimal role adjustment.

### B.  Title 18 §3553(a) Factors

This Court has the discretion to consider (1) the "nature and circumstances of the offense and the history of the defendant"; and (2) the need for a sentence to be imposed based upon certain public policy considerations and characteristics of the defendant and the offense.  See Title 18 U.S.C. §3553(a)(1) and (a)(2) respectively.

Based upon the following factors, defendant moves this Court to reduce Mr. Garcia's sentence from Level 19 to a sentence that is consistent with the public policies enunciated by the Sentencing Commission and §3553(a):

In support of this request, defendant refers this Court to the background of the defendant including but not limited to:

(a) his motivations for his having committed the crime[2]; (b) his history of full employment; (c) his background of relative poverty; (d) his lack of criminal history; (e) his limited role in the instant offense compared to the high risk he was taking by swallowing heroin; (f) the fact that he will be deported after he serves his sentence; (g) his lack of knowledge as to the scope of the organization and its activities; and (h) the amount of risk that he was exposed to compared to the others who recruited and directed his activities.

Defendant submits that the combination of these factors make it highly improbable that he will re-offend. See §3553(a)(1) and a(2)(C). While his family is the most significant incentive for him not committing another crime, his lack of involvement with the judicial system prior to this offense, despite living in poor communities, is also a favorable indicator that he is unlikely to re-offend. See <u>United States v. Najera-Morales</u>, 141 Fed. Appx. 749, 753 (10th Cir. 2005)(defendant's acceptance of responsibility and potential for rehabilitation satisfied §3553(a)(2)(C) factor for sentence reduction as there was no need to protect society against further crimes by defendant)

Its also relevant that Mr. Garcia did not go looking for a crime to commit. Instead, "they" found and recruited him and preyed on his lack of sophistication. But for the events in his life at that particular time in Mr. Garcia's life, it is unlikely

---

[2] These motivations ranged from helping his mother pay off a lien against her house to providing support for his children.

5

that he would have even committed the instant criminal offense. His criminal involvement is clearly aberrant given his personal characteristics and circumstances.

While this was a serious crime and Mr. Garcia needs to be punished, a significant prison sentence would not serve to reform him or protect society from him committing further crimes.  He has admitted fully to his crimes and is already on the path to personal rehabilitation given his safety valve admissions, his confession when he was arrested and his honesty with this Court during his plea colloquy[3].  Exhibit A, para 19.  A sentence shorter than what the guidelines advise will serve to both punish Mr. Garcia for his role in this offense and deter him from re-offending.

Additionally, the fact that he will be deported once he has served his sentence and he will barred from re-entry to the United States will serve to protect the United States from any further crimes by Mr. Garcia if he were to engage in such conduct.  Given his background and experiences in this case, it is unlikely that he will choose to re-offend where-ever he decides to live his life.

Wherefore, defendant moves this Court to reduce defendant's

---

[3] The Court asked Mr. Garcia why he committed the crime and he responded with candor and frankness.  He told the Court that he came from poverty and wanted to help his mother who had put a lien on her house because of a surgical procedure.  While this is not a defense to his conduct, it certainly reflects his humanity and vulnerability at the time when he made this poor decision to act as a courier.

6

advisory guideline range to a level 15 and sentence him to an 18 month sentence with time served pursuant to Title 18 U.S.C. §3553(a).  Defendant submits that this request for a reduced sentence is both reasonable and consistent with the public policy statements of the United States Sentencing Commission. See <u>United States v. Booker</u>, U.S. __, 125 S.Ct. 738, 767 (2005)

        Submitted By
        Francisco Garcia's Attorney


        <u>James Budreau /S/</u>
        James Budreau, Bar# 559931
        20 Park Plaza Suite 905
        Boston, MA 02116
        (617)227-3700