UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                         )<br>)<br>FRANCISCO GARCIA,                           )<br>                        Defendant.       )<br>                                                     ) | Crim. No.  05-10090-PBS |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Assistant U.S. Attorney Lisa M. Asiaf, hereby sets forth its recommendation regarding the sentence for defendant Francisco Garcia ("Garcia"), who is scheduled to be sentenced by this Honorable Court on November 7, 2005.

**A.     Background**

Garcia was stopped at Logan International Airport upon suspicion that he was an internal courier of narcotics from the Dominican Republic.  Investigation, including an x-ray of Garcia's digestive tract (to which Garcia consented), revealed that Garcia had, in fact, imported 53 pellets of heroin into the United States.  Lab analysis confirmed that the 53 pellets contained 523.3 grams (net weight) of heroin.

On March 31, 2005, a federal grand jury indicted Garcia for importing at least 100 grams of heroin into the United States in violation of 21 U.S.C. §§ 952(a) and 960(a).  On August 9, 2005, Garcia pled guilty to this one-count indictment.  On October 11, 2005, Garcia gave a "safety-valve" proffer at the U.S. Attorney's Office, in which he confirmed the details of his crime, which are set forth in the PSR at paragraphs 8-22 and are incorporated by reference herein.

**B.      The U.S.S.G. Calculation set forth in the PSR**

After reviewing the submissions of both parties and conducting an independent interview of Garcia, the U.S. Probation Office determined that the following U.S. Sentencing Guidelines apply to this case:

- Base Offense Level (based on 523.3 grams of heroin) =     28
- Safety-valve adjustment under §§ 5C1.2 and 2D1.1(b)(6) =     - 2
- "Minor role" adjustment under § 3B1.2(b) =     - 2
- Acceptance of responsibility adjustment under § 3E1.1 =     - 3
- Total Offense Level =     21
- Criminal History Category =     I
- Imprisonment Range under Sentencing Table =     37 - 46 mos.
- Supervised Release under § 5D1.2(a) =     3 - 5 years
- Fine under § 5E1.2(c)(1) and (c)(4) =     $7500 - $2M

The government agrees that Garcia is entitled to the safety-valve adjustment under §§ 5C1.2 and 2D1.1(b)(6). As noted above, Garcia gave a safety-valve proffer at the U.S. Attorney's Office on October 11, 2005, in which he verified the details of his crime. The government hereby confirms its position that Garcia has complied with requirements of § 5C1.2(a)(5).

The government also agrees that Garcia is entitled to a three-point reduction for acceptance of responsibility. Garcia notified the government of his intent to plead guilty in a timely manner, and did, in fact, enter a guilty plea on August 9, 2005.

The government's position with respect to Garcia's role in the offense and Garcia's request for a further downward departure under 18 U.S.C. § 3553 is set forth below.

2

**C.    <u>Garcia is Not Entitled to a Four Level Decrease under U.S.S.G. § 3B1.2</u>**

Garcia claims that he is entitled to a four-level decrease due to his "minimal" role in the offense. The PSR awards no such departure. PSR at ¶ 34. In fact, the Probation Officer disagrees with Garcia's position that a four-level departure is warranted under § 3B1.2(a), and "maintains that the defendant is entitled to only a two-level role reduction for being a minor participant." PSR at 21-21 (Probation Officer's Response to Deft.'s Objection #6).

Section 3B1.2 of the U.S.S.G. provides for a two-level decrease in the defendant's offense level if he was a "minor participant" in the criminal activity, and a four-level decrease if he was a "minimal participant" in the criminal activity. The Application Notes to § 3B1.2 provide that:

> Subsection (a) ["minimal participant"] ... is intended to cover defendants who are <u>plainly among the least culpable</u> of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. <u>It is intended that the downward adjustment for a minimal participant will be used infrequently</u>. <u>Id.</u> at n. 4 (emphasis added).
>
> Subsection (b) ["minor participant"] ... applies to a defendant ... who is less culpable than most other participants, but whose role could not be described as minimal. <u>Id.</u> at n. 5.

The defendant bears the burden of proving that he is entitled to a downward adjustment under § 3B1.2. <u>United States v. Gonzalez-Soberal</u>, 109 F.3d 64, 73 (1st Cir. 1997); <u>United States v. Ortiz</u>, 966 F.2d 707, 717 (1st Cir. 1992).

The mere fact that Garcia was a drug courier does not automatically entitle him to a mitigating role adjustment. <u>United States v. Paz Uribe</u>, 891 F.2d 396, 399 (1st Cir. 1989) ("even if the court found that Paz was only a courier, he would not automatically be entitled to a reduction"), <u>cert. denied</u>, 495 U.S. 951 (1990). Instead, role adjustments are "heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, n.3(C). The Court must examine the

3

nature of Garcia's relationship to other participants, the importance of his actions to the success of the venture, and his awareness of the nature and scope of the criminal enterprise.

Here, Garcia argues that he was a "minimal participant" and is therefore entitled to a four-level decrease. The facts, however, show otherwise. Unlike the trucker in United States v. Phillips, 368 F.Supp.2d 1259 (D.N.M. 2005), for example, who simply accepted $5,000 to transport several boxes without knowing that they contained marijuana, Garcia took numerous affirmative steps to import the heroin successfully, including: (i) agreeing with "El Burrero" to smuggle the drugs into the United States; (ii) making arrangements with "El Burrero" regarding airfare and the wiring of money; (iii) flying from New York to Santo Domingo; (iv) calling a phone number in Santo Domingo; (v) meeting with the Dominican contact, "Biolki," (vi) staying in the Dominican Republic for four days; (v) accepting a partial payment of the $4,000 he was promised; (vi) practicing swallowing carrots; (vii) swallowing 53 pellets of heroin; and (viii) flying back to Boston with plans to pass and deliver the heroin to "Victor" in Lynn, then take a bus to New York. These actions of Garcia were critical to the crime with which he has been charged: importation of heroin into the United States. He simply does not qualify for a four level decrease under § 3B1.2(a).

A four-level role adjustment is also inappropriate because the Indictment has already been tailored to reflect Garcia's role in the offense. Specifically, Garcia has not been charged with conspiracy, in which case a discussion regarding the relative culpability of each co-conspirator may be appropriate. Instead, Garcia is charged with only one count of importing heroin from the Dominican Republic into the United States. With respect to this crime, Garcia played the key, critical role of doing just that: importing heroin from the Dominican Republic into the United States. Under these circumstances, the Court should reject Garcia's request for a

4

role adjustment.  See, e.g., United States v. Cepeda, 907 F.2d 11 (1st Cir. 1990) (affirming refusal to give mitigating role adjustment where defendant "was only charged with one count of a four-count indictment, and that count described only the one transaction for which he was convicted"); United States v. Garcia, 920 F.2d 153, 155 (2nd Cir. 1990) ("[c]ouriers are indispensable to the smuggling and delivery of drugs and their proceeds").

**D.      Garcia's Request for Further Downward Departure under 18 U.S.C. § 3553**

Garcia has also asked the Court to depart downward under 18 U.S.C. § 3553 based on the following eight factors: (i) his motivation for committing the crime; (ii) his employment history; (iii) his poor upbringing; (iv) his lack of criminal history; (v) his "limited role" in the offense; (vi) the fact that he will be deported; (vii) his "lack of knowledge" as to the scope and activities of the organization he assisted; and (viii) the risks he took compared to those of his recruiters.

The government objects to any departure under § 3553.  Although the government recognizes the difficulty of many of these factors, sadly many – if not most – of the defendants charged with federal crimes suffer from the very same background and difficulties as those noted by Garcia.  The factors cited by Garcia are simply not unusual enough to take him outside of the heartland of cases already addressed by the Guidelines calculation.  C.f., Koon v. United States, 518 U.S. 81, 116 S.Ct. 2035, 2047 (1996) ("[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline").  Garcia's lack of criminal history and role in the offense have already been calculated into the Guideline sentence from which he seeks a departure.  The seriousness of drug at issue – heroin – and the significant amount of drugs here – 523.3 grams – also weigh against departure. E.g., United States v. Lui, 941 F.2d 844, 849 (9th Cir. 1991) ("we have recognized that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence

reduction").

**E.     The Government's Recommendation**

Based on the foregoing, the United States recommends that Garcia be sentenced to the low end of the applicable U.S.S.G range as determined by the Court.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

November 2, 2005

By:     */s/ Lisa M. Asiaf*
LISA M. ASIAF
Assistant U.S. Attorney
Tel:  (617) 748-3268

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and accurate copy of the foregoing document to all counsel of record who do not automatically receive service of process via the Court's ECF filing system by depositing in the U.S. mail a copy of same in an envelope bearing sufficient postage for delivery.

*/s/ Lisa M. Asiaf*
LISA M. ASIAF
Assistant U.S. Attorney